You may proceed. Thank you, Your Honor. May it please the Court, my name is Alexander Stovert. I represent Defendant Appellant Eugene Kia, and I would ask for two minutes for rebuttal. Your Honor, I'm going to go right to the issue of severance since this Court asked for supplemental briefings on the issue of severance. Our position is that, number one, severance is inapplicable to this case for several reasons. The first reason being that because the affidavit to the search warrant and the statement of the officer, there are three different attachments to the warrant, were not attached to the warrant and were not given to the defendant, and were not available to the other police officers executing the warrant at the time the warrant was executed, that the entire warrant is faulty and cannot be severed under this Court's ruling in McGrew, where this Court said if a search warrant does not have attached to it the necessary papers that it refers to and is not served on a defendant, the entire warrant falls. So we would claim that severance is not applicable under that at all. Let's suppose we disagree with that. Then our next position would be that, and we've laid this out in the brief, is that the defects to the warrant on every ground, there are seven different categories, was defective and overbrought. And I won't go into that in detail because we've laid each one out in the brief. But I think the most important issue is the issue of forfeiture by the government. The issue of severance was raised below by us in our moving papers. And the government chose not to raise the issue of severance on paragraphs 6 and 7 of the search warrant, which we claim is facially and clearly defective. They did an intentional strategy. The issue of severance is not new. The U.S. Attorney's Office in every district knows about severance. We raised it specifically in our moving papers. The government chose not to pursue the issue of severance below. When we took the appeal, that was the first waiver. When we took the appeal, the government in its answering brief again did not raise the issue of severance. We in our reply brief said we are surprised that the government hasn't raised the issue of severance below. Now, I would turn it around as what would a defendant, if a defendant had failed to raise an argument below and raised it for the first time in appeal, this Court would apply Olano.    not raised the issue of severance below. where the government did not raise it below and did not raise it in its answer brief. They have forfeited that known right because they took an intentional position. They wanted all or nothing. They took that position knowingly. They took it before the district court, and they took it before this court. And so our position is, having done that, they're not entitled now to stand before this court and have a severance issue argued. Justice's defendant would not be able to do that. And it's the difference between waiver and forfeiture. This is a forfeiture issue. They knew it. They intentionally abandoned it in two separate proceedings. Actually, people usually mix up waiver and forfeiture, as you know from reading the cases. But as you argue it, it is a forfeiture. Whether we accept it or not, it will.  It's an intentional relinquishment of a known right that the government has to have known about because we raised it. We, if they didn't know about it at all, we raised it in our moving papers, and they didn't go for that. They said, no, we're not interested in severance. They stood before the district court, took the position. It's a waiver argument. Well, it's a relinquishment of a known right. This wasn't a mistake. So we would say they forfeited the right. Because they didn't raise it. Because they intentionally didn't raise it. So for that reason, Your Honors, we would say severance is not appropriate. If severance is not appropriate, we believe that Categories 6 and 7 clearly fall. Well, there's another argument you haven't addressed, and that is that we can affirm on any basis that appears in the record, even if the judge got it wrong. That's correct. But the court should not. Is there enough in this record to show that if it's severed, we can affirm? We say there isn't, Your Honor. And that's the issue that the government's asking this court to do is say, if the court wants to sever and say that Sections items 6 and 7 in this particular case are specifically out. Of course, we argue they're all out. But if 6 and 7 are out, they're asking for a remand. So the district court can make an evidentiary finding as to what evidence could be found under some other exception. And we disagree with that for several reasons. One, the government cites only three cases in its brief where this court has remanded. None of those situations are in the situation the court faces here. None of those situations address where the government intentionally and knowingly waived an issue. In one particular case, the remand was simply for the court to make further factual findings on evidence that was already before it. The court just found it was insufficient. On another one, the court simply remanded to say, now that we've found, you know, a particular section invalid, simply rule on what evidence was found pursuant to that section and dismiss it. Nobody in this court has not addressed a situation where the government took an all arising position and has lost and now says, okay, we took that position. We want a second chance now. If a defendant came up here and said that, oh, well, we argued this. All right, we're wrong. Let us go back and argue something else. That's never been a situation in the court's continence. In this particular case, the exception to the search warrant, that rule is an affirmative position the government has to take before the lower court. They have to come in if a warrant is defective or insufficient and say to the lower court, there is an exception, for example, the plain view exception. So even though our review is de novo, your position is that the shape of the table for our de novo review is somewhat shrunk because they didn't raise this. Exactly. You don't think we can say we look at the district court ruling, we look at the available law and make a decision? Not on the facts that were established below. If there were facts established below, established in plain view, and you disagreed de novo with the district court, you could do that. But when a government says we are intentionally not creating a record because we don't believe we need to, we're going to do an all or nothing approach, then this court has de novo review of what was before the district court. It can't send back and say, well, we have we agree now with the defense that this was improper, go back and create a new record. That's what the government is asking you to do. But if on the existing record we could make a decision, there's nothing that would preclude us from doing that. Our argument is on the existing record that the government intentionally created, you can rule on the issue of whether the warrant is defective or not, but you cannot rule on whether or not the government could establish whether an exception applied. And because the government intentionally did not create that record, there is nothing for this Court to review de novo on whether there was plain view exception or any other exception. We have a warrant. The government relied on that warrant. It is defective. And that's all the Court can review. And we're suggesting, especially in this situation where the government decided to create a record that is blank on any exception to the warrant requirement, that they made that knowingly and intelligently, and your de novo review is limited to what's before the Court. Do you want to save the remainder of your time? Yes, thank you. May it please the Court. My name is Edrick Ching, Assistant United States Attorney, representing the United States of America. Your Honor, I first want to address the order dated January 11, 2006. I believe Mr. Counsel referred to severing items 6 and 7. I believe your order, when you referenced it, just to clarify, when you referenced severing item number 7. Your Honor, severance is a remedy which allows a court to strike from warrants portions that are invalid. Before I address Mr. Silvert's argument, I want to assert that it is the government's position that item 7 is not invalid. Your Honor, there is probable cause to support the inclusion or the approval of item 7 in the search warrant. As stated in my brief, I'm just going to go over it briefly because we feel that we briefed it extensively in a brief, is that Ninth Circuit has recognized in the trial evidentiary context that evidence of possessions of firearms is relevant to establishing that someone who possesses drugs is a drug trafficker. That's the Savinovich case, your Honor. And vice versa, your Honor. In the Butcher case, the Ninth Circuit has recognized that the possession of a distribution quantity of narcotics is relevant to prove the possession of firearms. So the possession of firearms is linked to drug trafficking. Your Honor. The warrant says the warrant is defective. Do you agree with that? No, your Honor. All right. What is the answer to what he contends is a defective part of the warrant? Your Honor, I think there's several points that he claims that the warrant is defective. Number one, he's claiming that the warrant is defective because it was not accompanied by the affidavit. In the cases cited by the defense in this case, some of the cases involved search warrants in which there are only vague references to the suspected criminal activity. This is the Cowl case and the Bridges case. In the Cowl case, there are only vague references to fraudulent transactions. In the Bridges case, there are only references to crimes in general. In this case, your Honor, the search warrant itself in Articles 3, 4, and 5 clearly stated the suspected criminal activity, which was the distribution and slash or sale of methamphetamine. Your Honor, that is, I believe, from page 8 of the record on appeal. Your Honor, the other contention is that the other cases cited by the defense is that involved search warrants in which the items to be searched for section of the search warrant referred to affidavits. Your Honor, in this case, the search warrant clearly stated the seven items to be searched for. Your Honor, the other case or the other issue raised by the defense is that there's a lack of probable cause to the vehicle that was searched. Your Honor, I cannot and will not stand in front of you today and tell you folks that this search warrant and the affidavit is the strongest that I've ever seen. However, I think that based on the facts, I'm not going to go into it now because it was briefed extensively, based on the facts received by the officer and his dealings with the confidential informant and the controlled purchase of narcotics, that there is a probable cause to the vehicle that was searched. I'm not going to go into it now because it was briefed extensively, based on the facts received by the officer and his dealings with the confidential informant and the controlled purchase of narcotics, that there is a probable cause to the vehicle   I'm not sure I heard you right. During the execution of search warrants that narcotics are often found in vehicles. In addition, Your Honor, there's also his opinion that when people come onto pieces of properties to purchase narcotics, they stay for short periods of time. Granted, Your Honor, this opinion did not say whether they walked onto the property or they drove onto the property. However, if people drove onto the property, it would also be reasonable to infer that these vehicles would contain narcotics coming off the property. So based on the factual basis and the opinions of this experienced trained officer Was the vehicle that was searched, was that his vehicle, the drug dealer's vehicle? Your Honor, I'm just going to refer to the record. The EPR indicated that it was the defendant Kia's vehicle. However, Your Honor, the record is not clear as to whether they knew or they had this knowledge that it was the defendant's vehicle before or after the search. So when the search warrant said you can search the residence and vehicles, that was in the warrant, was it not? Yes, correct. All right. So, Your Honor, in this case, you know, like I said earlier, I admit that this is not the strongest search warrant. However, based on the factual basis and the opinions of the officer, that this is a borderline case. And in borderline cases, deference should be given to the magistrate. What is it that's borderline about it? Well, I'm just, the defense has raised the fact that perhaps there was no specification of which vehicle was on the property in the search warrant itself. So with the which vehicle aspect? So, you know, Your Honor, you know, I've reviewed in the past affidavits in which specific vehicles were identified on the property. In this case, there was none. However, there were the two opinions set forth by this experienced trained officer. Your Honor, I think the other argument set forth by the defense is that item number 7 is overbroad. In this case, Your Honor, the government asserts that it is not overbroad. It did not give the officers executing the search warrant any discretion in what items to seize. It just said firearms and ammunition. If they found the firearm and or ammunition, they would seize it. In addition, Your Honor, generic, the Ninth Circuit recognized, I believe in the Cardwell case, that generic descriptions of items to be searched for are okay when specific descriptions are not possible. So in this case, Your Honor, the opinion was that firearms are used by drug traffickers for protection purposes. It did not, you know, it's, I believe that drug traffickers do not discriminate between, you know, revolvers, submachine guns or shotguns. So in this case, there was no opportunity to have a more specific description of the firearms. Does the record show where the firearms were found? Your Honor, in supplemental excerpt of the record, 114 to 116, it indicates pursuant to our stipulation that it was found in the defendant's or it was found in a Ford pickup truck on the property. The EPR indicates that it was found in the defendant's truck. In the truck. Concealed, I take it, or not concealed? The record is not clear, but if I have to make a proffer, it was concealed. All right. My time is running out now, so I just want to... Is there a Leon Goodfaith issue here? Yes, Your Honor. I was right about to address that point. Your Honor, in this case, the purpose of the exclusionary rule to deter police misconduct would not be served in this case by suppressing this evidence. The officer did nothing wrong. He prepared an affidavit, went to the judge. This affidavit included opinions and factual basis that linked up the drug dealing and the vehicle. Although the court may find it later that it was not strong enough to support probable cause, it is not the officer's duty or it's not his responsibility to question the judge. The judge is the one who is well-versed in finding probable cause in this case. Did you present the Leon issue or did the government present the Leon issue to the district court? Yes, I did, Your Honor. Okay. Your Honor, this is not a case in which the warrant was facially deficient. The warrant clearly stated the items to be searched for. The warrant also – I mean, and the affidavit supporting the warrant also had – tried to link up the drug dealing and the vehicle. This is not a case in which nothing was presented in the affidavit to the vehicle when the judge signed it. Based on that, Your Honor, the government asserts that the judge did not abandon his judicial role. Like I said again, Your Honor, the officer did nothing wrong in this case. The exclusionary rule will not be served by suppression in this case. Thank you. Thank you. You have some time for rebuttal. I'd like to address a little bit of confusion, I think, that was about the car. The evidence that was before the district court was not that this was defendant's car. It was, just as the government said in the end, the stipulation was a Ford pickup truck was on the property. It was not a Ford pickup truck belonging to the defendant. What was before the court, there was no evidence before the court that the truck belonged to the defendant. Most importantly, that's not what the warrant said. The warrant said any vehicles. It didn't say any vehicles belonging to the defendant. We wouldn't be here if that's what it said. It said any vehicles. And, in fact, the CI who went to the house never said a word about any vehicles being at the house, any vehicles being used by the defendant, any vehicles being owned by the defendant. And the police officer did not make any independent observations of a vehicle being used in drug dealing or being used by the defendant at all or anything. What the warrant said is, he's a drug dealer, A, and based upon my personal opinion as a law enforcement officer, drug dealers may keep evidence in cars, and we're going to search all cars. When that occurred, we submit not only was that there's no probable cause at all, and the court has cases, and so does the Fourth Circuit, on this very issue, and we've cited them in the brief, that this kind of all vehicles or all persons or all guns kind of warrant is invalid. But more importantly, that's why Leon doesn't apply, because Leon does not apply when a judicial officer forsakes his role as a judge in neutrally and arbitrarily and impartially reviewing a search warrant. And this court has said that in McGrew. The Ibarra case, which is a Supreme Court case from 1979, has said you must have PC for each item, each person to be searched. This court in Green Street said the same thing. This is not new law. When an officer goes in front of a judge and does not have PC for each item and each person to be searched, that is per se invalid. And the police officers could not have not known that, and certainly the judge could not have known that. And as a result of that, Leon does not apply to save that warrant or certainly that part of the warrant. The case just argued United States v. IA is submitted. Thank you for your argument.
judges: Hug, Alarcon, McKeown